GAIL C. TRABISH, ESQ. (#103482)
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA 94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

Attorneys for Defendant
TARGET STORES, a division
of Target Corporation, erroneously
sued herein as Target Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN FAWKES and JOHN FAWKES, | Case No.: C-08-02034 JW (PVT) |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| TARGET CORPORATION, and DOES 1-40, inclusive, | Complaint Filed: March 7, 2008 |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys for the respective parties that with regard to material disclosed in the course of the above-captioned lawsuit ("Lawsuit") which constitutes or contains trade secrets or other confidential research, development, or commercial information of the parties ("Confidential Material") the following procedures shall govern:

1. This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other tangible items (electronic media, photographs, video cassettes, etc.).

2. The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by making such materials "Confidential". If any material has multiple pages, this designation need only be placed on the first page of such material. Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel for the respective parties, and expert witnesses assisting counsel in this Lawsuit, and the Court.

3. The parties may alternatively designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such materials "Confidential-Attorneys Only". If any material has multiple pages, this designation need only be placed on the first page of such material. Any material designated as "Confidential-Attorneys Only" shall not be disclosed to any person or entity except to the designating party, designating party's counsel, outside counsel for the respective non-designating parties, expert witnesses assisting designating counsel in this Lawsuit, outside expert witnesses assisting non-designating counsel in this Lawsuit (provided that any such expert witness is not employed or affiliated in any manner with a competitor of the designating party), and the Court.

4. Any material designated as confidential pursuant to paragraphs 2 and 3 above ("Designated Material") shall be used solely for the purposes of this Lawsuit and for no other purpose.

5. Prior to disclosure of any Designated Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto) consenting to be bound by the terms of this Order. The parties, counsel for the respective parties (including legal assistants and other personnel) and the Court are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

6. Only counsel of record in this lawsuit shall be permitted to disseminate Designated Material. Upon dissemination of any Designated Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Designated Material, and (2) the identity of the Designated Material so disseminated (such as "Bates stamp" number). Such record shall be made available to the designating party upon

request.

7. If additional persons become parties to this Lawsuit, they shall not have access to any Designated Material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

8. In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on the grounds of privilege), provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to this Order. Deposition testimony may be designated as confidential following the testimony having been given, provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty days after receipt by the designating party of the respective deposition transcript. All deposition transcripts shall be treated in the interim as "Confidential-Attorneys Only". When Designated Material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of the Order.

9. Any party wishing to submit Designated Materials to the court shall file and serve an Administrative Motion to File Under Seal in accordance with Civil Local Rule 79-5 that the document be sealed. Any communications containing Designated Materials shall be returned to the submitting party upon termination of this Lawsuit (whether by dismissal or final judgment).

10. If a non-designating party is subpoenaed or ordered to produce Designated Material by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order and shall not produce any Designated Material until the designating party has had reasonable time to object to or otherwise take appropriate steps to protect such Designated Material.

11. If a party believes that any Designated Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested. The parties shall

have thirty days after such notice to meet and confer and attempt to resolve the issue. If the dispute is not resolved within such period, the party seeking the protection shall have thirty days in which to make a motion for protective order with respect to contested information. Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

12. Inadvertent failure to designate any material "Confidential" or "Confidential-Attorneys Only" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" or "Confidential-Attorneys Only" in accordance with this Order.

13. This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

14. When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

15. Within thirty days after the termination of this Lawsuit (whether by dismissal or final judgment), all documents designated Designated Material (including all copies) shall be returned to counsel for the designating party. In addition, counsel returning such material shall execute an affidavit verifying that all Designated Material produced to such counsel and any subsequently made copies are being returned in their entirety pursuant to the terms of this Order. Such a representation fully contemplates that returning counsel has: (1) contacted all persons to whom that counsel disseminated Designated Material, and (2) confirmed that all such material has been returned to disseminating counsel.

16. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of

enforcement of its provisions.

IT IS SO STIPULATED:

DATED: June 9, 2008              BALAMUTH HARRINGTON, LLP

By: _____
JIM W. YU, ESQ.
Attorney for Plaintiffs
LYNN FAWKES and JOHN FAWKES

DATED: 6/11/08, 2007             BOORNAZIAN, JENSEN & GARTHE
                                 A Professional Corporation

By: _____
GAIL C. TRABISH, ESQ.
Attorneys for Defendant
TARGET STORES, a division of
Target Corporation, erroneously sued
herein as Target Corporation

25369\433914

-5-
STIPULATED PROTECTIVE ORDER – Case No.: C-08-02034 JW (PVT)

# CERTIFICATE OF SERVICE
## (28 U.S.C. §1746)

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 12th Street, Suite 1800, P. O. Box 12925, Oakland, California 94604-2925.

I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the date indicated below, at the above-referenced business location, I sealed envelopes, enclosing a copy of the **STIPULATED PROTECTIVE ORDER**, addressed as shown below, and placed them for collection and mailing following ordinary business practices to be deposited with the United States Postal Service on the date indicated below:

Jim W. Yu, Esq.  **Attorneys for Plaintiff**
Balamuth Harrington, LLP
3 Altarinda Road, #202
Orinda, CA 94563
(925) 254-1234 phone
(925) 254-0778 fax

I declare under penalty of perjury that the foregoing is true and correct. Executed at Oakland, California on ~~May~~ June 11, 2008.

_____
Alexine Braun

25369\433914

-6-

STIPULATED PROTECTIVE ORDER – Case No.: C-08-02034 JW (PVT)